IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
**MIDDLE** DIVISION

| | | |
|---|---|---|
| VIRGIL BROWNLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:10-CV-0865-KOB-PWG |
| | ) | |
| WARDEN DAVID WISE, OFFICER MOORE, | ) | |
| and OFFICER ZUBER, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on May 19, 2010, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. The plaintiff filed objections to the report and recommendation on June 3, 2010.

The plaintiff objects to the characterization of his injuries as accidental. The plaintiff states that Officer Zuber[1] "threw a hard tray top at inmate Terry which ended up hitting me." (Doc.#7 p.2) While the throwing of the tray was intentional, the plaintiff does not claim that he was the target and the fact that it hit him was indeed accidental. Likewise the plaintiff states that Officer Moore "spilled" hot coffee on him as he was running down the hall to help Officer Zuber. (*Id.*) The plaintiff does not claim that Officer Moore intentionally poured hot coffee on him; rather the coffee spilled when he began running to help his fellow officer.

---

[1] This is the corrected spelling of the defendant's name who was incorrectly identified as Zimber in the original complaint.

The plaintiff was taken to the infirmary where he was examined and treated by a nurse. The plaintiff complains that he was not examined by a doctor until 57 days later. The doctor who examined the plaintiff's hand x-rayed it, confirmed that no bones were broken, and prescribed "some pill and a ace brandage [sic] . . ." (Doc.#7 p.3). The United States Supreme Court has held that only "deliberate indifference to serious medical needs of prisoners . . . will give rise to a claim of cruel and unusual punishment in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Medical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting *Rogers v. Evans,* 792 F.2d 1052, 1058 (11th Cir. 1986)).

The plaintiff was examined and treated by a nurse soon after the accident and then, when he continued to complain, he was examined by a doctor. The plaintiff's complaint that he was not examined by a doctor for almost two months after he was injured fails to state a claim of constitutional proportion because a delay in providing medical treatment does not constitute a cognizable claim *unless* the delay itself results in "substantial harm." See *Mendoza v. Lynaugh,* 989 F.2d 191, 193 (5th Cir.1993)(citing *Shapley v. Nevada Bd. of State Prisoner Comm'rs,* 766 F.2d 404, 407 (9th Cir.1985)). The timeliness of the medical care provided to the plaintiff clearly did not satisfy him, but that is not the measure to be applied in assessing whether an error of constitutional dimension occurred. The plaintiff has failed to allege any facts to show that he was harmed in any way by any delay in being examined by a doctor.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and the objections thereto, the court finds that the magistrate

judge's report is due to be and is hereby ADOPTED, and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

 DATED this 28th day of June 2010.

_____<br>
KARON OWEN BOWDRE<br>
UNITED STATES DISTRICT JUDGE